FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 17 PM 3: 01

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| GARY M. MANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-267 |
| ) | |
| THE HONORABLE PETE GEREN, ) | |
| ACTING SECRETARY OF THE ) | |
| UNITED STATES DEPARTMENT ) | |
| OF THE ARMY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the Court is defendant's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Docs. 13, 14. Plaintiff has filed a response opposing defendant's motion. Doc. 17. Defendant thereafter filed a reply to plaintiff's response, doc. 19, and plaintiff filed a sur-reply. Doc. 21. Plaintiff has also filed a motion for summary judgment. Doc. 22.

## I. Background

On July 18, 2005, plaintiff mailed a letter to Jerome Bonner, Director of the Civilian Personnel Advisory Center, inquiring about potential employment opportunities. Doc. 17, Gov't Ex. 1. In this letter, plaintiff advised that he "would greatly appreciate [his] consideration for a direct-appointment to an available mid-level position under pay plan / series: GS-346, 2003, 2005, or 2010" and that he was most interested in employment with the "Directorate of Logistics (DOL), Command Supply and Discipline Program (CS&DP)." Id. Plaintiff enclosed a copy of his resume and a disability certificate from the Veteran's Administration with the letter. Id.

When he received no response from Bonner, plaintiff sent a follow-up letter inquiring as to the status of his original "application" on August 25, 2005. Doc. 17, Pl. Ex. 1. Bonner replied that the materials of July 18 were submitted to the "hiring activity (DOL) for 30% Disable [sic] Veteran appointing authority consideration." Doc. 13, Gov't Ex. 2. Bonner advised plaintiff that his office did not "maintain a listing of veteran preferences eligibles," requested that plaintiff submit his resume

2

through the Resumix System (an online application system), and offered his help in doing so. Id. Plaintiff filed a formal EEO complaint on January 2, 2006, and after his complaint was denied administratively, he filed the instant action on November 26, 2006. Doc. 1.

Plaintiff alleges that the Department of the Army has discriminated against him by denying him "full consideration for civil service employment under its Special Appointing Authorities for veterans and disabled veterans."[1] Doc. 1. Plaintiff seeks back pay in the amount of $215,000.00, as well as damages for physical and emotional pain and suffering. Id.

## II. Analysis

When considering a Rule 12(b)(6) motion, the court must examine the complaint in the light most favorable to the nonmoving party,

---

[1] Plaintiff further alleges "recurring acts of employment discrimination" since January 1999. Doc. 1. The federal rules require "a short and plain statement" of the claim so that defendant has fair notice of what plaintiff's claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a); see Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001). While plaintiff need not plead a prima facie case of employment discrimination, a pleading will not "survive dismissal when it consist[s] of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based." Jackson v. BellSouth Telecommunications., 372 F.3d 1250, 1270-71 (11th Cir. 2004). Plaintiff's vague and conclusory allegation fails to meet this standard.

accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in plaintiff's favor. White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999); Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997), rev'd on other grounds, 526 U.S. 629 (1999). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." Id. at 1974. "As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss."

South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996). Pleadings by *pro se* litigants like plaintiff, however, are generally held to less stringent standards than formal pleadings drafted by a trained attorney and are construed more liberally in resolving a motion to dismiss. Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

Although plaintiff does not cite any specific statutory authority for bringing this action, defendant focuses on two statutes upon which plaintiff could be basing his claim: the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and the right to Veteran's Readjustment Appointment (VRA) pursuant to the Jobs for Veterans Act, 38 U.S.C. § 4214.[2] Doc. 14.

The Rehabilitation Act protects disabled individuals, regardless of veteran status, from discrimination by federal employers. Antol v. Perry, 82 F.3d 1291, 1298 (3rd Cir. 1996). Defendant contends that because plaintiff did not apply for a specific vacant position, he has failed to allege

---

[2]The Court need not address any potential claims under 38 U.S.C. § 4214, for even assuming that plaintiff's allegations are true, the Jobs for Veterans Act does not provide a private right of action. See Seay v. TVA, 339 F.3d 454, 473 (6th Cir. 2003) (§ 4214 "does not extend a private cause of action to aggrieved veterans"); Antol v. Perry, 82 F.3d 1291, 1297-98 (3rd Cir. 1996) (§ 4214 does not waive the federal government's sovereign immunity or create a private cause of action).

a prima facie case of discrimination. Doc. 14. Plaintiff responds that because Bonner stated that plaintiff's application was submitted to the "hiring activity (DOL) for 30% Disable[d] Veteran appointing authority consideration," without patently stating that his application was improperly filed, defendant accepted his application and thereby accepted the obligations prescribed by federal law. Doc. 17. Plaintiff agrees with defendant's assertion that the law does not guarantee him employment, but he alleges that it does require defendant to take all steps necessary to ensure that he is provided "full consideration" for employment and that defendant failed to do so. Id.

In order to prevail in an employment discrimination case, plaintiff bears the initial burden of establishing a prima face case under the Rehabilitation Act. Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 722 (2nd Cir. 1994). To establish a prima facie case of disability-based discrimination under the Rehabilitation Act, plaintiff must show: (1) that he is disabled, (2) that he is qualified for the job, (3) that he suffered an adverse employment action, (4) that defendant knew or had reason to know of his disability, and (5) that, following the adverse employment

action, the position was filled by a nondisabled person or remained open. Timm v. Wright State Univ., 375 F.3d 418, 423 (6th Cir. 2004); see also Wascura v. City of S. Miami, 257 F.3d 1238, 1242 (11th Cir. 2001). While it is undisputed that plaintiff is disabled and that defendant knew of his disability, see doc. 17, Gov't Ex. 1, "[a] general interest in being rehired without submitting an application is not enough to establish a prima facie case of . . . discrimination when the defendant-employer has publicized an open position." Smith v. J. Smith Lanier & Co., 352 F.3d 1342, 1345 (11th Cir. 2003); see also Wanger v. G.A. Gray Co., 872 F.2d 142, 145-46 (6th Cir. 1989) (holding that a discrimination claim fails where an employer has "a formal system of posting job openings," but plaintiff merely expresses a general interest in a job without actually submitting an application for a publicized opening); Box v. A&P Tea Co., 772 F.2d 1372, 1376 (7th Cir. 1985) (same); Dexler v. Carlin, 1986 WL 6476, at *6-8 (D. Conn. March 20, 1986) (finding that because the analysis of employment discrimination claims requires "job-specific considerations at every step," a federal employer is not obligated to consider disabled applicants for jobs for which they did not apply); cf.

EEOC v. Metal Serv. Co., 892 F.2d 341, 248 (3rd Cir. 1990) ("Courts have generally held that the failure to formally apply for a job opening will not bar a Title VII plaintiff from establishing a prima facie case of discriminatory hiring, as long as the plaintiff made *every reasonable attempt* . . . to convey his interest in the job to . . . the employer.")(emphasis added).

Because "[a]n employer is not required to create a job for a disabled employee. . ., it falls to the employee to make at least a facial showing that there were vacant, funded positions whose essential functions he was capable of performing." Mengine v. Runyon, 114 F.3d 415, 418-19 (3rd Cir. 1997); accord DiStefano v. HSBC Bank, (W.D.N.Y. March 29, 2004) (holding that submitting an application seeking "anything available," rather than a specific position, fails to establish a prima facie case of discrimination and noting that "employers cannot reasonably be expected to consider such an open application for every available position, especially where an employer has hundreds or thousands of available positions at any given time"); Kaster v. Safeco Ins. Co. of Am., 212 F. Supp. 2d 1264, 1271-72 (D. Kan. 2002) (dismissing discrimination

claim where plaintiff alleged that defendant refused to place him in "any available position" and did not identify a specific position that he should have received); Johnson v. City Univ. of N.Y., 2002 WL 1750841, at *4 (S.D.N.Y. July 24, 2002) (granting motion to dismiss because *pro se* plaintiff alleged that "I feel there were positions available" without indicating an available position for which he was not hired, even when construing plaintiff's complaint liberally); see also Peltier v. United States, 388 F.3d 984, 989 (6th Cir. 2004) (where plaintiff alleged that her employer's failure to grant her request for a transfer constituted discrimination, her claim failed as a matter of law because she had not offered proof that there were any vacant positions for which she was qualified).

"The prima facie case under McDonnell Douglas, however, is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). Thus, an employment discrimination complaint need not "contain specific facts establishing a prima facie case of discrimination." Id. at 508. Nevertheless, such a complaint must still meet "the threshold requirement of Rule 8(a)(2)

that the 'plain statement' [of the claim] possess enough heft to 'show that the pleader is entitled to relief.'" Twombly, 127 S. Ct. at 1966; see Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1270-71 (11th Cir. 2004) (Swierkiewicz "did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based."). So, when a complaint's allegations, taken as true, fail to show that plaintiff is entitled to relief, the complaint will not survive a Rule 12(b)(6) motion to dismiss. Id. at 1965 n.3 ("Rule 8(a)(2) requires a 'showing,' rather than a blanket assertion, of entitlement to relief."); id. at 1966 (a complaint's failure to satisfy the Rule 8 "entitlement requirement" should be exposed early in the litigation).

The problem with plaintiff's complaint is not that he fails to plead facts establishing a prima facie case of discrimination but rather that he pleads facts that demonstrate that his claim is legally insufficient. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). In essence, a 12(b)(6) movant asserts that even if everything the plaintiff alleges is

true, the law affords him no relief. That is the case here, for plaintiff alleges that he never filed an application for a specific job opening but simply expressed a general interest in securing employment. Plaintiff's complaint, therefore, affirmatively demonstrates that he did not suffer any adverse employment action, which is an essential element of his discrimination claim. See Waters v. Home Depot U.S.A., Inc., 159 Fed. Appx. 943, 944 (11th Cir. 2005); Cooley v. Great Southern Wood Preserving, 138 Fed. Appx. 149, 152-53 (11th Cir. 2005). Because plaintiff alleges that he never applied for a specific open position, he has affirmatively alleged facts which demonstrate that he is not entitled to relief. His complaint fails to state a claim and is therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

### III. Conclusion

Because plaintiff never applied for a specific, open position, he was not subjected to an adverse personnel action. Accordingly, defendant's

motion to dismiss should be GRANTED.[3]

**SO REPORTED AND RECOMMENDED** this _17Th_ day of August, 2007.

_/s/ M. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3]As plaintiff has failed to state a claim upon which relief may be granted, his motion for summary judgment, doc. 22, must be DENIED.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

GARY M. MANN, )
    Plaintiff, )
)
v. ) Case No. CV406-267
)
THE HONORABLE PETE GEREN, )
ACTING SECRETARY OF THE )
UNITED STATES DEPARTMENT )
OF THE ARMY, )
)
    Defendant. )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

                                                  B. AVANT EDENFIELD
                                                UNITED STATES DISTRICT JUDGE
                                                SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

GARY M. MANN, )
    Plaintiff, )
)
v. ) Case No. CV406-267
)
THE HONORABLE PETE GEREN, )
ACTING SECRETARY OF THE )
UNITED STATES DEPARTMENT )
OF THE ARMY, )
)
    Defendant. )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

_____
B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA